UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| Patrick L. Glenn, ) | Case No. 02 B 40851 |
| Debtor. ) | Chapter 7 |
| ) | Judge Bruce W. Black |
| ) | |
| Frances Gecker, not individually but as ) | |
| Chapter 7 Trustee for Patrick L. Glenn, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| James P. Gierczyk, ) | Adversary No. 04 A 04493 |
| Defendant. ) | |

### Memorandum Opinion

This adversary proceeding is before the court on cross motions for summary judgment on count VIII of the plaintiff trustee's amended complaint. Count VIII seeks both actual and punitive damages for alleged violations of the automatic stay pursuant to former section 362(h) of the Bankruptcy Code.[1] The issue before the court is whether a bankruptcy trustee has standing as an "individual" to bring a cause of action under former section 362(h). For the reasons set forth below, the court concludes that a trustee is not an "individual" for this purpose.

### Jurisdictional Statement

The court has jurisdiction over the parties and the subject matter of this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and Internal Operating Procedure 15(a) of the

---

[1] 11 U.S.C. §§ 101 ff. Any reference to "section" or "Code" is a reference to the Bankruptcy Code unless another reference is stated. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8 (BAPCPA), amended former section 362(h) and redesignated the provision as 362(k).

1

United States District Court for the Northern District of Illinois. It is a core proceeding under 28 U.S.C. §§ 157.

## Procedural Background

The debtor, Patrick Glenn, initiated a bankruptcy proceeding on October 18, 2002, by filing a voluntary petition for relief under chapter 11 of the Code. The case was converted to a case under chapter 7 on December 18, 2003. Frances Gecker was appointed chapter 7 trustee of the debtor's bankruptcy estate.

The defendant, James P. Gierczyk, and the debtor were business partners holding interests in related corporations, partnerships, and limited liability companies that owned real estate. On January 12, 2006, the trustee, not individually but as trustee, filed an eight count amended adversary complaint against the defendant. Counts I through VII assert causes of action for fraudulent and preferential transfers and for turnover. Count VIII seeks damages for the defendant's alleged violation of the automatic stay under former section 362(h). Former section 362(h) was amended by BAPCPA and presently is contained in section 362(k). Because this action was brought before BAPCPA went into effect, the pre-amendment provision governs. As explained below, however, the changes made by the amendments clarify the meaning of the term "individual" in the former section 362(h).

The trustee filed her motion for summary judgment on June 14, 2007. The defendant filed his motion for partial summary judgment the same day. On November 21, 2007, this court entered orders denying both motions for summary judgment on all counts except count VIII. The motions regarding count VIII were taken under advisement and are the subject of this opinion.

### Discussion

The issue before the court is whether the bankruptcy trustee is an "individual injured by" a violation of the automatic stay for purposes of former section 362(h). If the trustee is such an "individual" as a matter of law, she may bring an action to recover damages for violation of the automatic stay. On the other hand, if the trustee is not such an "individual," she has no standing, and the defendant's motion for summary judgment must be granted. Although genuine issues of material fact prevent granting summary judgment on counts I through VII, there are no material factual disputes regarding count VIII. For the reasons stated below, the court concludes that a trustee is not such an "individual" for purposes of former section 362(h), and summary judgment must be granted in favor of the defendant.

There is a split of authority on this issue. The cases holding that a trustee is an "individual" generally have concluded that a broader definition of the term, encompassing a trustee, more accurately carries out the purpose of the Bankruptcy Code. *See, e.g., Martino v. First National Bank of Harvey (In re Garofalo's Finer Foods, Inc.)*, 186 B.R. 414, 439 (N.D.Ill. 1995). Conversely, the cases holding that a trustee is not an "individual" for purposes of former section 362(h) generally have concluded that the plain meaning of the term "individual" precludes the definition from encompassing a trustee, estate, corporation, partnership, or any artificial entity. *See, e.g., Havelock v. Taxel (In re Pace)*, 67 F.3d 187, 193 (9th Cir. 1995).

Even opinions from within this district disagree on whether a trustee is an "individual" within the meaning of former section 362(h). In *In re Material Corp., Inc.*, 206 B.R. 933, 938 (Bankr.N.D.Ill. 1996), Judge Katz held that the term "individual" applies only to human debtors. Likewise, in *Martino v. First Nat'l Bank in Harvey (In re Garofalo's Finer Foods, Inc.)*, 164 B.R. 955, 972-73 (Bankr.N.D.Ill. 1994) *aff'd in part and rev'd in part*, 186 B.R. 414

3

(N.D.Ill. 1995), Judge Squires held that a trustee who brought suit as the representative of the estate was not entitled to damages under former section 362(h). The district court reversed the decision by Judge Squires on this issue stating that, "applying the more narrow, common usage definition of 'individual' to determine whether a chapter 7 bankruptcy trustee... may recover damages under section 362(h) will produce a result demonstrably at odds with Congress' presumed intent." *Garofalo,* 186 B.R. at 439 (N.D.Ill. 1995). Most recently, in *Paloian v. Grupo Serla S.A. (In re GGSI Liquidation, Inc.),* 351 B.R. 529, 583-84 (Bankr.N.D.Ill. 2006), Judge Schmetterer followed the view of the district court in *Garofalo* and held that a trustee is an "individual" for purposes of former section 362(h).

After reviewing the cited cases, this court was strongly inclined to agree with those opinions which held that a trustee is not an "individual injured by" a violation of the automatic stay for purposes of former section 362(h). The analysis of Judge Squires in *Garofalo,* 186 B.R. at 972-73, and the Ninth Circuit in *Pace,* 67 F.3d at 192-93, is persuasive. This court's initial inclination has been reinforced by an examination of BAPCPA's amendment of the former section 362(h).

Former section 362(h), which was effective at the time this case was filed, stated:

> **(h)** An ***individual*** injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(h) (2004) (emphasis added).

Current section 362(k), which replaces the former section 362(h), states:

> **(k)(1)** Except as provided in paragraph (2), an ***individual*** injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.
>
> **(2)** If such violation is based on an action taken by an ***entity*** in

4

> the good faith belief that subsection (h) applies to the debtor, the recovery under paragraph (1) of this subsection against such **entity** shall be limited to actual damages.

11 U.S.C. § 362(k)(1), (2) (emphasis added).

Although the current version of section 362(k) does not govern this dispute, an examination of the changes made by BAPCPA may properly be used to clarify the meaning of the prior law. *See Prior v. Farm Bureau Oil Co. (In re Prior)*, 176 B.R. 485, 493 (Bankr.S.D.Ill. 1995) ("It is a primary rule of statutory construction to ascertain and give effect to legislative intent, and a court may consider a subsequent amendment in interpreting a statute's meaning before amendment.") and *Schwartz v. Kursman (In re Harry Levin, Inc.)*, 175 B.R. 560, 577 (Bankr.E.D.Pa. 1994) (using the current version of legislation to clarify the meaning of a former section is acceptable as a principle of statutory construction). *See also Brown v. Marquette Savings & Loan Ass'n*, 686 F.2d 608, 614-15 (7th Cir. 1982) and *Steege v. Helmsley-Spear, Inc. (In re Superior Toy & Mfg. Co., Inc.)*, 175 B.R. 693, 696 (Bankr.N.D.Ill. 1994).

The BAPCPA amendment to former section 362(h) is compelling evidence that Congress intended the term "individual" to have the restricted meaning attributed to it by the Ninth Circuit in *Pace* and by Judge Squires in *Garofalo*. In amending former section 362(h), Congress easily could have changed the term "individual" to a more inclusive and defined term such as "person" or "entity." Not only did Congress retain the restrictive term, it added the more inexclusive term "entity" in the very next sentence. The addition of "entity" in such close proximity to "individual" is strong evidence that Congress was aware of the distinction between the terms and deliberately chose to retain the more narrow term in the new section 362(k)(1).

Although the term "individual" is not defined in the Code, the term "entity" is. Section 101(15) says "[t]he term 'entity' includes person, estate, trust, governmental unit, and United States trustee." In turn, the definition of "person" in section 101(41) includes "individual,

5

partnership, and corporation." Therefore, if Congress had changed the term "individual" to "entity" in section 362(k)(1), a trustee would clearly have standing under this provision because a trustee is the representative of the estate. Instead, Congress retained the more restrictive term "individual" which connotes limitation to human beings. *See Material Corp.*, 206 B.R. at 938 ("The term 'individual' applies only to human debtors."). *See also Maritime Asbestosis Legal Clinic v. LTV Steel Co. (In re Chateaugay Corp.)*, 920 F.2d 183, 184-85 (2nd Cir. 1990) (analysis of the term "individual," as used in the Code, in rejecting a corporate debtor's attempt to use former section 362(h)). Presumably, Congress was aware of the definition of "entity" in the Code and used the term advisedly in section 362(k)(2) to limit the liability of a broad range of stay violators. That intent to broadly limit liability through section 362(k)(2) is consistent with the narrow construction of the term "individual" in section 362(k)(1) and the former section 362(h).[2]

The district court's statement in *Consolidated Rail Corp. v. Gallatin State Bank*, 173 B.R. 146, 147-48 (N.D.Ill. 1992), becomes even more convincing in light of the amendment. In affirming Judge Squires' holding that a corporation is not an "individual" for purposes of former section 362(h), the district court stated:

> If Congress had intended to make Section 362(h) as inclusive as [the corporate debtor] contends, it would have done so more clearly. Instead of the word "individual," Congress could have used the word "person" (which specifically "includes individual, partnership, and corporation, but does not include governmental unit") or the word "entity" (which specifically "includes person, estate, trust, governmental unit, and United States trustee") and made such an intent abundantly clear.

*Id.*

---

[2] The conclusion by one court that "individual" is section 362(h) is synonymous with "entity" simply can not stand in light of the BAPCPA amendment. Use of the two different terms is such close proximity compels the conclusion that different meanings are intended. *See Uecker v. Davidson (In re Bair Island Marina & Office Ctr.)*, 116 B.R. 180, 185 n. 2 (Bankr.N.D.Cal. 1990).

This court's holding that a chapter 7 trustee may not seek damages under former section 362(h) (or section 362(k)(1)) does not necessarily mean that a trustee has no remedy. The Ninth Circuit in *Pace* held that "[i]t is clear that, even though a trustee does not qualify as an 'individual' for purposes of section 362(h), a trustee can recover damages in the form of costs and attorney's fees under section 105(a) as a sanction for ordinary civil contempt." 67 F.3d at 193. *See also GGSI Liquidation,* 351 B.R. at 585-86 and 3 *Collier on Bankruptcy* ¶ 362.11[3] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2007).

### Conclusion

Accordingly, for the foregoing reasons, the defendant's motion for summary judgment is granted and the plaintiff's motion for summary judgment is denied. Judgment will be entered in favor of the defendant on count VIII.

This Memorandum Opinion will constitute findings of fact and conclusions of law. A separate judgment will be entered.


DATED: December 12, 2007                              ENTERED:


                                                      Bruce W. Black
                                                      Bankruptcy Judge

7